# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC LEE HACKETT, | ) | 1:09-cv-140 OWW GSA |
| | ) | |
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) ) | ORDER DENYING PLAINTIFF'S REQUEST FOR COUNSEL |
| CITY OF FRESNO FAX AREA EXPRESS, et al., | ) ) ) | ORDER DENYING PLAINTIFF'S REQUEST FOR SUBPOENA |
| | ) | |
| | ) | (Docs. 1 and 9) |
| Defendants. | ) ) | |

**INTRODUCTION**

Plaintiff, Eric Lee Hacket, ("Plaintiff"), a state prisoner, appearing pro se and proceeding in forma pauperis, filed the instant complaint on January 20, 2009. Plaintiff alleges he was a victim of police brutality after he was unlawfully arrested due to a bus driver's false accusations of assault and battery against him. He also alleges ineffective assistance of counsel because the public defender who represented him during his criminal proceedings conspired against him. Plaintiff files this civil rights action pursuant to 42 U.S.C. §1983 based on violations of the Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Plaintiff names the City of Fresno Fax Area Express and Ms. Henderson, a public defender as Defendants.

The court has examined Plaintiff's claims and dismisses the action with leave to amend

1

the complaint. The complaint also contains a request for appointment of counsel and a request for a subpoena. All of Plaintiff's requests are denied.

**DISCUSSION**

A. Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Plaintiff's Allegations

Plaintiff alleges that on July 30, 2008, he was assaulted by a City of Fresno bus driver who "knocked out his teeth with a metal cup for not having a full dollar." Complaint at pg. 3. Plaintiff alleges he was unlawfully arrested based on the false allegations of the bus driver who alleged that Plaintiff had assaulted him. Id. During the arrest, a police officer handcuffed Plaintiff and placed him on his stomach. Complaint at 3. Plaintiff also alleges that the police officer "tazed" Plaintiff by placing the tazer on Plaintiff's spine. This incident resulted in Plaintiff's left foot being injured and Plaintiff requiring oxygen. Compl. at 3. Plaintiff alleges that the incident constitutes police brutality and resulted in a violation of his Eighth Amendment rights. Plaintiff is seeking an unspecified amount of punitive and compensatory damages. Complaint at pg. 4.

Although it is not entirely clear, it appears that Plaintiff was convicted of a criminal

offense as a result of this incident. Plaintiff alleges that his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process were violated because Ms. Henderson, the Fresno County public defender who represented him during the criminal proceedings, conspired against him. Plaintiff has attached a series of e-mails to the complaint in support of his claims against Ms. Henderson.

C.   Analysis of Plaintiff's Claims

   **1.**   *Rule 8(a)*

Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style and disjointed complaint is insufficient to state legally cognizable causes of action. It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim as well as identify each defendant and what role they played in the alleged incident. If Plaintiff wishes to allege causes of action, he must separate each claim and state facts in support of each individual claim against each defendant.

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. at 47.

Plaintiff will be given an opportunity to amend his complaint to comply with Rule 8(a). In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable. Plaintiff is advised that his amended complaint must contain all necessary allegations.

   **2.**   *Section 1983 Claims*

The Civil Rights Act under which this action was filed provides :

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an

action at law, suit in equity, or other proper proceedings for redress. 42 U.S.C. § 1983...

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff is advised that <u>to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights</u>. This linkage requirement mandates that Plaintiff name an individual defendant for each alleged violation.

      a.    *Eighth Amendment Claim*

Plaintiff alleges that this incident resulted in violation of his Eighth Amendment rights, however, he has not specified which defendant violated his rights. Moreover, the Eighth Amendment prohibits excessive bail, fines or cruel and unusual punishment. Such protections were designed to protect those convicted of crimes. Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979); Ingraham v. Wright, 430 U.S. 651, 664 (1977). Based on Plaintiff's allegations, there is no indication that he was entitled to Eighth Amendment protections at the time of the incident.

However, a claim of excessive force in the course of making an arrest may be brought in a section 1983 claim. This claim is properly analyzed under the Fourth Amendment's objectively reasonableness standard. Scott v. Harris, 127 S. Ct. 1769 (2007); Graham v. Connor, 109 S. Ct. 1865 (1989). This assessment involves determining whether the force was objectively reasonable "in light of the facts and circumstances confronting the officer without regard to the underlying intent or motivation. Graham v. Connor, 109 S. Ct. at 1865. Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a balancing of the nature and quality of the intrusion on the individual's Fourth Amendment

interests against the countervailing governmental interests at stake. Gregory v. County of Maui, 523 F. 3d 1103, 1106 (9th Cir. 2008) citing Graham v. Connor, 109 S. Ct. at 1865. The factors the court uses in this analysis are: 1) the severity of the crime at issue, 2) whether a suspect posses an immediate threat to the safety of the officer and others, and 3) whether a suspect resists arrest. Arpin v. Santa Clara Valley Transp. Agency, 261 F. 3d 912, 921 (9th Cir. 2001). The absence of probable cause of an arrest does not grant an individual the right to offer resistence. United States v. Span, 970 F. 2d 573, 580 (9th Cir. 1992).

In this case, Plaintiff describes an incident in which he alleges a police officer may have used excessive force. However, Plaintiff has failed to name the particular police officer in the body or the caption of the complaint. Therefore, it is unclear if Plaintiff intends to bring a cause of action against the police officer, and if so, who the officer is.

Most of Plaintiff's allegations are directed toward the bus driver. However, instead of naming the bus drive personally, Plaintiff names the City of Fresno Fax Area Express. Any section 1983 claims against the bus driver and the City of Fresno Fax Area Express are problematic for two reasons. First, although it appears that the bus driver is a city employee, Plaintiff failed to state the necessary allegations to establish that the bus driver is a state actor. Even if this can be established, the Fourth Amendment will only apply to government conduct that can reasonably be characterized as a "search" or "seizure." United States v. Attson, 900 F. 2d 1427, 1429, 1433 (9th Cir. 1990). Furthermore, the Fourth Amendment cannot be triggered simply because a person is acting on behalf of the government. United States v. Attson, 900 F. 2d at 1429. For the conduct of a non-law enforcement governmental party such as the bus driver to be subject to the Fourth Amendment, it must be demonstrated that the individual acted with the intent to assist the government in its investigatory or administrative purpose, and not an independent purpose. Aprin v. Santa Clara Valley Transportation, 261 F. 3d. 912.

Here, Plaintiff alleges that an unnamed bus driver assaulted him and made false allegations against him. It appears Plaintiff was arrested and ultimately convicted of an offense, but it is unclear what the conviction was for, and whether the bus driver or the allegations played a role in the arrest and conviction. Based on the limited information provided, it does not appear

that the Fourth amendment would apply, however, the court has not provided with enough facts to make a determination.

Even if Plaintiff can establish a cognizable claim against the bus driver, a local government unit may not be held liable for the acts of its employees under a respondeat superior theory. Monell v. Department of Social Services, 436 U.S. at 691; Davis v. Mason County, 927 F.2d 1473, 1480 (9th Cir. 1991), cert. denied, 502 U.S. 899 (1991); Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); Pembaur v. City of Cincinnati, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies Monell's policy requirements." Thompson v. City of Los Angeles, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental entity's authorized decisionmaker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." Thompson v. City of Los Angeles, 885 F.2d at 1443, internal quotation marks omitted. "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." Thompson v. City of Los Angeles, 885 F.2d at 1444. "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983." Polk County v. Dodson, 454 U.S. 312, 326 (1981), internal quotation marks omitted; see Rizzo v. Goode, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983). Here, Plaintiff's allegations do not relate to a policy or custom resulting in a constitutional violation but instead relates to the actions of an individual bus driver allegedly assaulting and making false allegations against Plaintiff.

///

6

b.  *Sixth and Fourteenth Amendment Claims*

Plaintiff alleges that his Sixth and Fourteenth Amendments rights were violated during the criminal conviction proceeds because the public defender representing him provided ineffective assistance of counsel by conspiring against him. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Although Plaintiff has only requested monetary relief and has not requested release from custody, the basis of his claim is that he was wrongfully convicted. When seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488. Given that Plaintiff appears to be incarcerated for the conviction at issue, he cannot bring a 1983 claim to challenge the legality of his underlying criminal conviction.

Moreover, even if a section 1983 could be alleged, Plaintiff's claims against Ms. Henderson, the public defender, are not cognizable. It is well established that court appointed attorneys are not state actors. Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender who is performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding is not acting under color of state law); Miranda v. Clark County of Nevada, 319 F. 3d 465, 468 (9th Cir. 2003) (Upholding dismissal of a complaint on the basis that public defender was not acting on behalf of the county for purposes of § 1983 when defendant's function in his role as plaintiff's attorney was to represent plaintiff's interests, not the interests of the state). Thus, Plaintiff cannot bring a §1983 claim against a public defender for actions taken in the course of defending him in the criminal proceeding.

*c.* *Leave to Amend the Complaint*

Although Plaintiff's complaint contains deficiencies as outlined above, the court will allow Plaintiff an opportunity to amend the complaint. If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

### 3. *Plaintiff's Request for Counsel*

Within the complaint, Plaintiff requests that the court appoint him counsel because private counsel, Timothy Cox, Esq., would not accept his case. Complaint at pg. 2. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989).

In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Therefore, Plaintiff's request for appointment of counsel must be denied.

### 4. *Plaintiff's Request for Subpoena*

Within the complaint Plaintiff requests that the court issue a subpoena so that Plaintiff can obtain the video camera in the City of Fresno Fax Express Transit Bus 38 on July 30, 2008.

Complaint at pg. 5. Plaintiff is advised that the request and issuance of a subpoena is premature. Plaintiff must first file an amended complaint that alleges cognizable claims. If the court determines Plaintiff's claims are cognizable, any named defendant will need to be served with the complaint. Once that occurs, the court will open discovery which is the appropriate time for Plaintiff to make these requests. Accordingly, Plaintiff's requests for a subpoena is denied.

## CONCLUSION

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff's amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file an amended complaint, the court will recommend that this action be dismissed for failure to follow a court order.

IT IS SO ORDERED.

Dated: **March 19, 2009**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE